UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD DETER,

        Plaintiff,

                          CASE NO.:

vs.

ENVIRONMENTAL LABS &
SERVICES, INC., A
GEORGIA CORPORATION,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONALD DETER, by and through the undersigned attorney, sues the Defendant, ENVIRONMENTAL LABS & SERVICES, INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant from approximately November 7, 2011 to June 9, 2014.

3. Plaintiff worked as a water tester and was paid by the hour at all times by Defendant.

4. Plaintiff worked for Defendant throughout Georgia, including a job at the Hartsfield-Jackson Airport in Clayton County, Georgia.

5. Defendant, ENVIRONMENTAL LABS & SERVICES, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Clayton County, Georgia and is therefore, within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were computers, telephones, vehicles, water testing equipment, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendant paid Plaintiff two different hourly rates for work performed by him.

13. For "regular" work performed by Plaintiff, his hourly rate was $15.00 per hour.

14. For work performed at the Airport, Plaintiff's hourly rate was

$20.00 per hour.

15. While Defendant did pay Plaintiff some overtime compensation for his "regular" overtime hours worked, Defendant did not pay overtime compensation for the "Airport" hours worked by Plaintiff. Attached as Exhibit A are three paystubs received by Plaintiff showing the hours worked and the compensation paid to him on a weekly basis.

16. Pursuant to 29 C.F.R. § 778.115, when an employee earns two different rates of pay, the employee is entitled to overtime compensation for <u>all</u> hours worked over 40 in a workweek at the weighted average of his different rates.

17. Here, Defendant has violated the FLSA by not including the "Airport" hours in Plaintiff's regular rate of pay and by not paying complete overtime compensation on these hours worked.[1]

---

[1] For example, on pay check 8416 attached to Exhibit A, the proper amount of overtime owed would be calculated as follows:

- 20 Airport Hours x $20 hourly rate = $400.00
- 41.48 Regular Hours x $15 hours rate = $622.20
- Total regular earnings = $1,022.20 ($400.00 + $622.20)
- $1,022.20 / 61.48 total hours worked = $16.63 (regular rate)
- $16.63 / 2 = $8.32 (overtime premium owed per overtime hour)

18. Additionally, in some weeks, Defendant only paid Plaintiff "straight time" for some overtime hours worked, which also violates the FLSA.

19. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

22. During his employment with Defendant, Plaintiff worked overtime hours almost every week, but was not paid complete overtime compensation because Defendant paid some overtime hours as straight pay and also failed to pay complete overtime compensation on all hours

---

- $8.32 x 21.48 overtime hours worked = $178.71 in overtime earned - $11.10 overtime paid (1.48 overtime hours x 7.5 overtime premium paid) = **$167.61 still owed in overtime compensation for that week.**

5

worked. *See* ¶¶ 12-18.

23. Defendant did not have a good faith basis for these unlawful pay practices.

24. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation as required by law, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RONALD DETER, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 24th day of February, 2015.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*